# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6742 | **DATE** | 3/10/2011 |
| **CASE TITLE** | Public Interest Law Initiative vs. Public Interest Law Institute | | |

**DOCKET ENTRY TEXT**

Suggestion of Mootness by defendant Public Interest Law Institute [58] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On February 4, 2011, defendant filed a notice of name change with the "Certificate of Amendment of the Certificate of Incorporation of Public Interest Law Institute" attached as an exhibit. (Dkt. # 57.) The document reflects that defendant has changed its name to PILnet. Defendant also filed a suggestion of mootness and moves to dismiss on that basis. Defendant argues that plaintiff's request that this Court enjoin defendant's use of the "PILI" acronym is moot because defendant has changed its name and informed plaintiff that it no longer intends to use PILI as a trademark in the United States.

**Legal Standard**

"A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Stotts v. Cmty. Unit Sch. Dist. No. 1, 230 F. 3d 989, 990 (7 th Cir. 2000)(quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). This Court's jurisdiction extends only to live cases or controversies. See U.S. Const. art. III, §2.

Here, defendant asserts that plaintiff's request for injunctive relief is moot. In order to obtain a preliminary injunction, the moving party must demonstrate:

"(1) some likelihood of succeeding on the merits, and (2) that it has 'no adequate remedy at law' and will suffer 'irreparable harm' if preliminary relief is denied. If the moving party cannot establish either of these prerequisites, the court's inquiry is over and the injunction must be denied. If, however, the moving party clears both thresholds, the court must then consider: (3) the irreparable harm that the non-moving party will suffer if preliminary relief is granted, balanced against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." Am. Soc'y of Plumbing Eng'rs v. TMB Publ., Inc., 109 Fed. Appx. 781, 784 (7th Cir. 2004) (quoting Abbot Labs. v. Mead Johnson & Co., 971 F.2d 6, 11-12 (7th Cir. 1992) (citations omitted)).

In a trademark dispute, to demonstrate the first element, likelihood of success on the merits, the moving party must establish "(1) that he has a protectable mark, and (2) that a 'likelihood of confusion' exists between the

**STATEMENT**

marks or products of the parties." <u>Meridian Mut. Ins. Co. v. Meridian Ins. Group Inc.</u>, 128 F.3d 1111, 1114 (7th Cir. 1997). Likelihood of confusion is a factual determination. <u>See</u> <u>Platinum Home Mortg. Corp. v. Platinum Fin. Group Inc.</u>, 149 F.3d 722, 726 (7th Cir. 1998). Courts apply seven factors when determining the likelihood of confusion: (1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff." <u>CAE, Inc. v. Clean Air Eng'g, Inc.</u>, 267 F.3d 660, 677-78 (7th Cir. 2001).

**Discussion**

Here, defendant asserts that plaintiff's claim for injunctive relief is moot because defendant voluntarily changed its name to PILnet. However, a "defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." <u>Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.</u>, 528 U.S. 167, 174 (2000). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." <u>Id.</u>, at 189 (quoting <u>United States v. Concentrated Phosphate Export Assn., Inc.</u>, 393 U.S. 199, 203 (1968). The party asserting mootness bears the "heavy burden of persuading" the court that the challenged conduct cannot reasonably be expected to recur. <u>Id</u>.

Plaintiff argues that since defendant continues to use the PILI mark, its claims are not moot and defendant cannot meet its burden of persuasion. Indeed, defendant's motion is based on an assumption that PILnet is a non-infringing. In order for this Court, to find that plaintiff's claim for injunctive relief is moot, it would have to engage in a factual inquiry assessing the seven factors applied to determine the likelihood of confusion between the two marks. The parties have not yet engaged in discovery and such an inquiry cannot be made on the face of the pleadings. Accordingly, defendant's suggestion of mootness and request for dismissal [58] on that basis is denied.