# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon J. Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 6742 | **DATE** | 3/11/2011 |
| **CASE TITLE** | Public Interest Law Initiative vs. Public Interest Law Institute | | |

**DOCKET ENTRY TEXT**

Defendant Public Interest Law Institute's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted [27] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant, Public Interest Law Institute, moves to dismiss Counts I-IV of the First Amended Complaint pursuant to Rule 12(b)(6) on the basis that the parties have a written agreement that authorizes defendant to use the PILI trademark, which forms the basis of the infringement claim. Defendant attached the document to its motion to dismiss. Defendant also moves to dismiss Count V for breach of contract because it is predicated on conduct expressly permitted under the terms of the agreement.

Plaintiff Public Interest Law Initiative's First Amended Complaint alleges five counts against defendant stemming from the unauthorized use of plaintiff's registered trademark "PILI" in various advertising and marketing materials, which has caused confusion. Counts I to IV allege trademark infringement, unfair competition, and deceptive business practices; and, alternatively, Count V: alleges breach of contract.

Plaintiff opposes the motion, arguing that this Court should not consider the contents of the document attached to defendant's motion because the consideration of extraneous material is improper at this stage of litigation except in the limited circumstance where the document is referenced in the complaint and is central to the claims brought by plaintiff. Here, plaintiff asserts that the document is central to defendant's defense and not plaintiff's claims and therefore, despite the document being referred to in the complaint, it would be improper on a Rule 12(b)(6) motion to consider the contents of the document. Moreover, plaintiff asserts that the document is referred to in the complaint as invalid. Plaintiff argues that this Court must accept as true all well-pleaded facts and draw all reasonable inferences in favor of the plaintiff therefore the motion to dismiss must be denied because it is based on a document that plaintiff specifically alleges is invalid.

**Legal Standard**

A motion to dismiss for failure to state a claim raises only legal issues. Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998). A Rule 12(b)(6) motion requires the court to accept as true all well-pleaded facts and draw all reasonable inferences in favor of the non-moving party. Doherty v. City of Chicago, 75 F. 3d 318, 322 (7th Cir. 1996). Pursuant to Rule 10(c), documents attached to the complaint are part of the

**STATEMENT**

pleadings. Fed. R. Civ. P. 10(c). Here, plaintiff did not attach the purported agreement to the complaint (referred to by plaintiff as "draft settlement agreement" and "Release and Coexistence Agreement" by defendant), rather defendant attached the document to the motion to dismiss. Under Rule 12, the court must either convert the motion into a Rule 56 motion for summary judgment and proceed according to that rule or exclude the document and proceed under Rule 12. Levenstein, 164 F.3d at 347.

There is a narrow exception to this rule, however, that arises where the document is both referred to in the complaint and is central to the claims brought by plaintiff. See Wright v. Associated Ins. Cos. Inc., 29 F.3d 1244, 1248 (7th Cir. 1994). The most common example illustrating this exception is in cases of contract interpretation. See Tierney v. Vahle, 304 F.3d 734, 738 (7th Cir. 2002). "The exception to Rule 12(b) that these cases carve (whatever its precise breadth) has been thought to follow from Rule 10(c); the concern is that, were it not for the exception, the plaintiff could evade dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit. The cases therefore allow the defendant to submit the document to the court, and the court to consider it, without need for conversion to Rule 56." Id. at 739 (internal citations omitted).

**Discussion**

Here, plaintiff refers to the document in the complaint, and arguably, it is central to the claim in Count V, which asserts in the alternative, that defendant breached the document. Accordingly, this Court could find that the situation present here fits the narrow exception that permits the court to consider material outside the pleadings on a motion to dismiss. However, plaintiff specifically alleges that the document was not validly executed and predicates only its alternative argument for breach on the possibility that this Court finds that the document was validly executed and thus is binding on the parties. The situation then is not simply a matter of contract interpretation, but really begs a factual question not appropriate for consideration under Rule 12. In Tierney, the Seventh Circuit cautioned against considering a document outside the pleadings at the Rule 12(b)(6) stage that "requires discovery to authenticate or disambiguate it." Id. at 739.

Defendant argues that "whether or not the Release and Coexistence Agreement, signed by an agent of PILI-Chicago [plaintiff] representing that she had full corporate power and authority to bind her principal, is in fact binding and whether or not is ambiguous are both questions of law and therefore appropriate for disposition on a motion to dismiss." (Dkt. # 27, at 6.) Defendant, however, does not cite to any authority for this proposition, instead, it cites to authority stating that the construction and interpretation of an unambiguous written contract is an issue of law within the province of the court. Defendant's argument presupposes that the contract is valid and enforceable; a supposition that plaintiff specifically challenges in its complaint and response to defendant's motion. Defendant asserts that the terms of the document expressly state that it is valid upon signing. Plaintiff responds not only that it never had notice of defendant having signed the document, but that it disputes the existence of all the elements necessary to the existence of a binding agreement.

Defendant's argument is more appropriate for a summary judgment motion. It is evident from the parties' arguments that the issue cannot be resolved by an examination of either the face of the complaint or even the complaint and the document presented by defendant. Accordingly, this Court excludes the document from consideration at this stage and finds that the complaint is sufficiently pled under Rule 8 to survive attack. In fact, defendant only challenges the sufficiency of the pleading as to Count V. Therefore, defendant's motion to dismiss [27] is denied.